DAVID STEINBERG, PROSECUTOR, v. BOARD OF ADJUST-MENT OF THE TOWN OF NUTLEY, RESPONDENT.

Argued May 3, 1927—Decided June 19, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Isadore H. Colton.*

For the respondent, *J. Harry Hull.*

PER CURIAM.

This is a zoning case. It is before this court on a writ of *certiorari* to review the decision of the board of adjustment of the town of Nutley. The prosecutor is the owner of a tract of land in Nutley zoned for one-family dwellings. He desires to erect a modern fireproof apartment house containing three stores therein upon this tract of land. The prosecutor had prepared a set of plans and specifications by a licensed architect. These plans were submitted to the New Jersey board of tenement house supervision. The plans were examined by that board and in all respects approved. The prosecutor thereupon made an application to the superintendent of buildings of the town of Nutley for a permit for the erection of this apartment house, filing with him the plans and specifications. These plans and specifications complied with the building code of the town of Nutley. The superintendent refused to issue the permit to the prosecutor for the reason that he desired to erect an apartment house building upon lands zoned for one-family residences. It was true in fact that the lands of the prosecutor were so zoned. The superintendent of buildings refused the permit. Thereupon the prosecutor appealed to the board of adjustment of the town of Nutley. A date was set for a hearing. Upon this date the prosecutor appeared with his architect. The testimony offered by the prosecutor was to the effect mentioned, namely, the preparation of the plans, the submission thereof, and the refusal of the superintendent of buildings to grant the permit. The board subsequently upheld the decision of the superintendent of buildings. The prosecutor then applied for and obtained the present writ.

The constitutional amendment respecting zoning, which was approved and ratified on September 20th, 1927, and took effect October 18th, 1927, and the statute of April 3d, 1928, known as chapter 274 of the laws of 1928, have been reviewed in a recent decision of this court in the case of *Koplin, relator,* v. *Village of South Orange,* 6 *N. J. Mis. R.* 489. In the present case we consider that in the proceedings before the board of adjustment there was no testimony to the effect

that the provisions of the ordinance are unreasonable. The presumption is that they are reasonable. *Burg* v. *Ackerman,* 5 *Id.* 96. There is also a presumption that the action of the board of adjustment was right. *Silvester* v. *Princeton,* 5 *N. J. Adv. R.* 1801. This court will not disturb the action of the board of adjustment unless its action is shown by evidence to be wrong. *Oxford Construction Co.* v. *Orange,* 137 *Atl. Rep.* 545.

The decision of the board of adjustment of the town of Nutley is, accordingly, affirmed. The writ of *certiorari* will be dismissed, without costs.